## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CURTIS BERNARD SEALS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-23-737-D |
| | ) | |
| CHRIS RANKINS, | ) | |
| | ) | |
| Respondent. | ) | |

### <u>ORDER</u>

Petitioner Curtis Bernard Seals brought this action seeking a writ of habeas corpus under 28 U.S.C. § 2254 [Doc. No. 1]. The matter was referred to United States Magistrate Judge Amanda Maxfield Green for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). On November 30, 2023, the magistrate judge issued a Report and Recommendation [Doc. No. 16], in which she recommends that Respondent's Motion to Dismiss [Doc. No. 13] be **GRANTED** and the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 be **DISMISSED** without prejudice. The magistrate judge further recommends that Petitioner's Motion to Vacate [Doc. No. 15] be **DENIED**. In her report, the magistrate judge notified Petitioner of his right to file an objection to the report on or before December 21, 2023, and that the failure to object waives Petitioner's right to appellate review of both factual and legal issues contained in the report. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

1

Upon review of the file and noting no timely objection to the findings and recommendations of the magistrate judge, the Court **ADOPTS** the Report and Recommendation [Doc. No. 16] in its entirety.

For the reasons stated therein, Respondent's Motion to Dismiss [Doc. No. 13] is **GRANTED**. It is further ordered that Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 [Doc. No. 1] is **DISMISSED** without prejudice to re-filing. Finally, Petitioner's Motion to Vacate [Doc. No. 15] is **DENIED**. A separate judgment shall be entered.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to a petitioner. A COA may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529

U.S. at 484. Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is **DENIED**. The denial shall be included in the judgment.

     **IT IS SO ORDERED** this 28th day of December, 2023.

                                        TIMOTHY D. DeGIUSTI
                                        Chief United States District Judge